UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
LaPORTE SAVINGS BANK fka    )
City Savings Bank,          )
                            )
         Plaintiff          )
                            )
    v.                      )   Case No. 2:10 cv 491
                            )
ADELE A. SCHMIDT, as Trustee )
of Trust No. 3 and individually,)
                            )
         Defendant          )
```

OPINION AND ORDER

This matter is before the court on the Rule 12(b)(6) Motion to Dismiss [DE 16] filed by the defendant, Adele Schmidt, on April 11, 2011. For the following reasons, the motion is **DENIED**.

Background

The defendant, Adele Schmidt, signed a personal guarantee to secure the business loan her late son, Arthur Schmidt Jr., took out to construct a chemical manufacturing company in Valparaiso, Indiana. The loan was financed through the plaintiff, LaPorte Savings Bank, an Indiana chartered savings bank. Arthur borrowed more than three million dollars from LaPorte. As additional security, Arthur took out an insurance policy for one million dollars and named LaPorte as the beneficiary. The business proved unsuccessful, and the loan became due.

LaPorte filed a claim in the Porter County Superior Court

seeking repayment of the loan from Arthur and Adele.  Adele's attorney informed LaPorte's counsel that Adele's signature was forged on most of the loan documents and conceded to only one authentic signature on a loan document for $360,000, limiting Adele's total liability to $400,000.  Adele represents that the parties reached an agreement that she would refrain from filing a motion to dismiss LaPorte's complaint if LaPorte agreed not to pursue its claim against Adele.

During the pendency of the litigation, Arthur passed away. LaPorte received payment of the one million dollar life insurance policy.  Adele and LaPorte eventually reached an agreement, and LaPorte dismissed its complaint in the Porter County Superior Court against Adele without prejudice.  Two months later, LaPorte initiated the present case with this court, seeking to hold Adele liable for the full amount of the debt due on the loans containing her signature.

Adele filed a motion to dismiss LaPorte's complaint on December 15, 2010.  In support of her motion, Adele submitted the loan documents, her affidavit, and the affidavit of a handwriting expert.  Adele's affidavit stated that the only loan document she signed was for $360,000 and that the handwriting expert's affidavit supported her position.

## Discussion

Federal Rule of Civil Procedure 12(b)(6) allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Rule 8(a), which requires a "short and plain statement" to show that a pleader is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." **Ashcroft v. Iqbal**, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" **Iqbal**, 129 S.Ct. at 1949 (*quoting* **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); **Joren v. Napolitano**, 633 F.3d 1144, 1146 (7th Cir. 2011). This pleading standard applies to all civil matters. **Iqbal**, 129 S.Ct. at 1953.

The court in **Iqbal** discussed two principles that underscored the Rule 8(a)(2) pleading standard announced by **Twombly**. *See* **Twombly,** 550 U.S. at 555 (discussing Rule 8(a)(2)'s requirement

3

that factual allegations in a complaint must "raise a right to relief above the speculative level"). First, a court must accept as true only *factual* allegations pled in a complaint; "[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient. **Iqbal**, 129 S.Ct. at 1949. Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss: if the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard outlined in Rule 8(a)(2). **Iqbal**, 129 S.Ct. at 1949-50. *See also* **Brown v. JP Morgan Chase Bank**, 2009 WL 1761101, *1 (7th Cir. June 23, 2009)(defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability).

The Supreme Court has suggested a two-step process for a court to follow when considering a motion to dismiss. First, any "well-pleaded factual allegations" should be assumed to be true by the court. Next, these allegations can be reviewed to determine if they "plausibly" give rise to a claim that would entitle the complainant to relief. **Iqbal**, 129 S.Ct. at 1949-50. Reasonable inferences from well-pled facts must be construed in favor of the plaintiff. **Murphy v. Walker**, 51 F.3d 714, 717 (7th Cir. 1995); **Maxie v. Wal-Mart Store**, 2009 WL 1766686, *2 (N.D. Ind. June 19, 2009)(same); **Banks v. Montgomery**, 2009 WL 1657465, *1

(N.D. Ind. June 11, 2009)(same).

Generally, the court is limited to considering only the allegations raised in the complaint when ruling on a motion to dismiss under Rule 12(b)(6). *See* ***United States v. $85,201.00 in U.S. Currency***, 2011 WL 612067, *2 (S.D. Ill. Feb. 15, 2011) ("While the Court typically cannot rely on matters outside the pleadings in deciding a motion under Rule 12(b)(6), *see* Fed.R.Civ.P. 12(d), it can rely on 'written instruments,' including affidavits and exhibits, attached to the complaint."). When a party seeks to introduce additional documents, the court may convert the motion to dismiss into a motion for summary judgment and allow the responding side to produce evidence in support of its contentions, or it may elect to disregard the extraneous evidence. Rule 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); ***Venture Associates Corp. v. Zenith Data Systems Corp.***, 987 F.2d 429, 431 (7th Cir. 1993) (*citing* ***Carter v. Stanton,*** 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972)); ***Employers & Cement Masons #90 Health & Welfare Fund v. Triple M. Contracting, Inc.***, 2007 WL 854004, *2, n.1 (S.D. Ill. March 16, 2007) (finding that affidavits not referenced in the complaint may not be considered in

ruling on a motion to dismiss). However, documents that are referred to in the complaint and are central to the claim may be considered on a motion to dismiss. *Albany Bank & Trust Co. v. Exxon Mobil Corp.,* 310 F.3d 969, 971 (7th Cir. 2002); *Venture Associates*, 987 F.2d at 431-32. See also *Wright v. Associated Insurance Companies, Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (discussing *Venture Associates* and determining that a contract on which the claim is based is central to the claim and may be considered on a motion to dismiss).

LaPorte argues that the allegations in its complaint comply with the Rule 8 pleading standard and that a motion to dismiss is improper. Adele opposes this statement, arguing that LaPorte's claim is not plausible because it is based on forged documents. Adele has introduced external documents in support of her motion including the loan documents, her affidavit, and the affidavit of a handwriting expert. Because LaPorte's complaint is based entirely upon the loan documents and the loan documents are central to the dispute, they may be considered with Adele's motion to dismiss. See *Wright*, 29 F.3d at 1248 (holding that a contract not attached to the complaint on which the claim is based is central to the claim and may be considered on a motion to dismiss). However, in order for the court to consider such extraneous documents, Adele must show that the affidavits were

both referenced in the complaint and are central to the dispute. *See,* **Albany Bank & Trust,** 310 F.3d at 971 (explaining that documents that are both attached or referenced in the complaint and central to the dispute may be considered on a motion to dismiss); **Venture Associates**, 987 F.2d at 431-32 (same)*.* A thorough review of the complaint does not reveal that the affidavits were incorporated, discussed, or in existence at the time LaPorte filed its complaint. *See* **Triple M**, 2007 WL 854004 at *2, n.1 (declining to consider affidavits not referenced in the complaint when ruling on a motion to dismiss). For this reason, it would be an error for the court to consider the affidavits with Adele's motion to dismiss.

Although the court may consider the loan documents when analyzing Adele's motion to dismiss, it is not evident from the face of the loan documents alone whether Adele's signature is authentic. Therefore, Adele has failed to establish that her signatures were forged and that LaPorte did not state a plausible claim. If the allegations in LaPorte's complaint prove to be true, LaPorte may recover.

Furthermore, if the court took the affidavits into consideration, it would be forced to make an impermissible credibility determination. The court may not assess authenticity and evaluate credibility when ruling on a motion to dismiss for failure to

state a claim upon which relief could be granted. *See* ***Forge Industrial Staffing, Inc. v. De La Fuente***, 2006 WL 2982139, *4 (N.D. Ill. Oct. 16, 2006) (declining to conclude on a motion to dismiss that the defendant was not a competitor of the plaintiff based on the defendant's website). This particularly is true where, as here, the court intends to assess the credibility of statements made in an affidavit. ***Sapperstein v. Hager***, 188 F.3d 852, 856 (7th Cir. 1999). It is difficult to discern from the face of an affidavit whether the affiant is credible. ***Sapperstein***, 188 F.3d at 856. The parties first must be afforded the opportunity to conduct discovery so that the opposing party may challenge the allegations made in the affidavit. ***Sapperstein***, 188 F.3d at 856.

Adele asks the court to conclude that the loan documents were forged and has presented her affidavit and that of the handwriting expert in support. However, this is not conclusive proof that Adele did not sign the loan documents. Rather, Adele is asking the court to make a credibility determination, afford full weight to the statements she made in her affidavit, and dismiss the claims against her without affording LaPorte any opportunity to conduct discovery and refute her contentions. This is not what the Supreme Court intended in ***Iqbal*** when it instructed that a claim may be dismissed if it does not state a

8

plausible allegation.  If this was the case, defendants always would submit favorable evidence to have their claim dismissed without affording the plaintiff an opportunity to discover unfavorable information.  Because Adele has not explained how LaPorte failed to state a plausible claim if its contentions are taken as true, her motion must be **DENIED**.

_____

For the foregoing reasons, the Rule 12(b)(6) Motion to Dismiss [DE 16] filed by the defendant, Adele Schmidt, on April 11, 2011, is **DENIED**.

ENTERED this 23rd day of June, 2011

	s/ ANDREW P. RODOVICH
	    United States Magistrate Judge