```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION
```

LaPORTE SAVINGS BANK fka   )
City Savings Bank,         )
                           )
          Plaintiff        )
                           )
     v.                    )   Case No. 2:10 cv 491
                           )
ADELE A. SCHMIDT, as Trustee )
of Trust No. 3 and individually,)
                           )
          Defendant        )

## OPINION AND ORDER

This matter is before the court on the Motion for Judgment by Default [DE 29] filed by the plaintiff, LaPorte Savings Bank, on January 18, 2012; the Motion to Strike Defendant's Answer to Plaintiff's Second Amended Complaint [DE 31] filed by LaPorte Savings Bank on January 20, 2012; and the Motion for Leave to File an Answer to Plaintiff's Second Amended Complaint [DE 33] filed by the defendant, Adele Schmidt, on January 23, 2012.  For the reasons set forth below, the Motion for Judgment by Default [DE 29] is **DENIED**, the Motion to Strike Defendant's Answer to Plaintiff's Second Amended Complaint [DE 31] is **DENIED**; and the Motion for Leave to File an Answer to Plaintiff's Second Amended Complaint [DE 33] is **GRANTED.**

## Background

On December 15, 2010, the plaintiff, LaPorte Savings Bank, filed a complaint for damages. LaPorte later amended its complaint, and on April 11, 2011, the defendant, Adele Schmidt, filed a motion to dismiss for failure to state a claim. Schmidt's motion was denied. She filed her answer to LaPorte's amended complaint on August 23, 2011. On December 1, 2011, LaPorte was granted leave to file a second amended complaint. LaPorte's second amended complaint restated Count I and Count II of its first amended complaint and added a third count. Schmidt did not timely answer, and on January 18, 2012, LaPorte filed a motion for a Clerk's entry of default and a motion for default judgment. Schmidt responded by filing her answer on January 20, 2012. The Clerk entered default on January 23, 2012. Schmidt filed a motion for extension of time to file her answer to LaPorte's second amended complaint that same day. LaPorte opposes Schmidt's motion and moves to strike her untimely answer.

## Discussion

Federal Rule of Civil Procedure 55(a) governs the entry of default and default judgment. When a defendant fails to answer a complaint or otherwise defend itself, the clerk can enter a default. *See also* **Jackson v. Beech**, 636 F.2d 831, 835 (D.C. Cir.

1980) ("Once a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge."). Entry of default must precede an entry of default judgment. *See, e.g.,* **Hirsch v. Innovation International, No. 91 Civ. 4130**, 1992 WL 316143, *1 (S.D.N.Y. Oct. 19, 1992).

When a party applies for judgment by default under Rule 55(b)(2), "the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." 10A Wright & Miller, *Federal Practice and Procedure* 3d Ed. §2685 (1998). In determining whether to enter a default judgment, the court may consider a number of factors including whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have. 10A Wright & Miller, §2685. This circuit favors a policy of promoting a trial based on the merits rather than default judgments. **Cracco v. Vitran Express, Inc.**, 559 F.3d 625, 631 (7th Cir. 2009); **Sun v. Board of Trustees University of Illinois**, 473 F.3d 799, 811 (7th Cir. 2007); **C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.**, 726 F.2d 1202, 1205 (7th Cir. 1984).

LaPorte argues that a default judgment should be entered against Schmidt for her failure to answer the second amended

3

complaint.  Schmidt did not file an answer until January 20, 2012, 30 days late.  Aside from the tardiness in filing an answer, Schmidt otherwise has defended this case since its inception.  Schmidt has attended both status conferences, fully briefed her motion to dismiss, and, to the best of the court's knowledge, has participated in discovery.

In addition, the Standards for Professional Conduct Within the Seventh Judicial Circuit state that attorneys practicing in this Circuit "will not cause any default or dismissal to be entered without first notifying opposing counsel," when the identity of counsel is known.  *See* Standards of Professional Conduct Within the Seventh Federal Judicial Circuit, available at http://www.ca7.uscourt.gov/Rules/rules.htm#standards (last visited Feb. 24, 2012).  Contrary to this rule, LaPorte did not first notify counsel for Schmidt prior to applying for default judgment.  Despite the lack of notice, Schmidt filed an answer to the second amended complaint within two days of LaPorte's motion for default judgment.  Under these circumstances, Schmidt's technical failure to file an answer has not prejudiced the plaintiff or otherwise delayed the litigation of this case.  Therefore, the motion for default judgment is **DENIED**.  The court sets aside the Clerk's entry of default.

Because Schmidt was prompt to file an answer to LaPorte's second amended complaint, and the court has determined that default judgment would be inappropriate under the circumstances, the court **GRANTS** Schmidt's Motion for Leave to File an Answer to Plaintiff's Second Amended Complaint [DE 33] and **DENIES** LaPorte's Motion to Strike Defendant's Answer to Plaintiff's Second Amended Complaint [DE 31].

ENTERED this 6th day of March, 2012

                                      s/ ANDREW P. RODOVICH
                                        United States Magistrate Judge